UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JASON HOWARD,<br>    Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | 3:24cv187 (OAW) |
| C.O. REYES, et al.,<br>    Defendants. | : <br> : <br> **:** | |

## INITIAL REVIEW ORDER

Plaintiff Jason Howard was an unsentenced inmate housed at Hartford Correctional Center ("HCC") in the custody of the Connecticut Department of Correction ("DOC") when he filed this civil rights complaint under 42 U.S.C. § 1983.[1] ECF No. 1. Plaintiff asserts constitutional and tort claims arising from an incident that occurred while he was housed at HCC. He asserts claims against Correction Officer Reyes, Administrative Remedies Coordinator Shanks, and Medical Provider John Doe. Plaintiff has sued Defendants for damages, and he requests surgery.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the court must dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is

---

[1] The court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). A search on the public DOC website under the inmate search function shows that Plaintiff was sentenced on November 6, 2024, and currently is housed at MacDougall-Walker Correctional Institution. *See* Connecticut State Department of Correction: Inmate Information, located at http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=299390 (last visited December 12, 2024).

1

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The court has reviewed all factual allegations in the complaint and has determined that Plaintiff may proceed of some, but not all, of the claims he asserts in the complaint.

### I.  **Allegations**[2]

On January 23, 2024, while housed at HCC, Defendant Reyes shut Plaintiff's arm in Plaintiff's cell door while escorting him to the showers. After his shower, Plaintiff explained to Defendant Reyes what happened and said that he needed to see a nurse. Defendants Reyes responded with profanity and walked away.

After Plaintiff verbally informed Defendant Reyes that he wished to see a nurse, he filed a grievance using form CN 9602. Defendant Shanks refused to accept it, stating that Plaintiff needed to use medical grievance form CN 8901. Plaintiff explained in an inmate request form that he was filing a grievance about Defendant Reyes, not a member of the medical staff, so CN 9602 was the appropriate form. Defendant Shank then responded that he never had received anything from Plaintiff. Plaintiff also filed an inmate request for medical attention, but he got no response, and the document was lost. Copies of the requests are attached to the complaint.

Plaintiff sustained a bump on his arm due to the incident with the door, which had not healed at the time of filing. Plaintiff claims that he will need surgery for its removal. He also claims that he was subjected to retaliation when he was moved into a cell that had housed a COVID-positive inmate and which had not been cleaned.

---

[2] All allegations are taken from the complaint, ECF No. 1, and are assumed to be true for the purpose of this review.

## II. DISCUSSION

The court construes Plaintiff's complaint as seeking individual and official capacity relief for constitutional violations. His allegations suggest constitutional claims arising from the use of excessive force, deliberate indifference to his health and safety, and First Amendment retaliation. He also appears to assert state tort claims.

### A. Individual Capacity Claims

As an initial matter, a plaintiff seeking damages from a defendant under 42 U.S.C. § 1983 must allege facts that establish the personal involvement of that defendant in the alleged constitutional violations. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir.1991)) (internal quotation marks omitted). This is true with respect to supervisory officials, as well. *Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir. 2020) (holding that a plaintiff must "plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability").

Here, the complaint contains no factual allegations to establish a connection between Defendant Doe and any violation of Plaintiff's state or federal rights. *See Smith v. Perez*, No. 3:19-CV-1758 (VAB), 2020 WL 2307643, at *5 (D. Conn. May 8, 2020) (dismissing Section 1983 claims against defendants where plaintiff failed to allege facts regarding the acts or omissions of defendants). Accordingly, Defendant Doe must be dismissed from this action.

1. *<u>Deliberate Indifference to Health and Safety</u>*

As Plaintiff was an unsentenced inmate at the time relevant to this action, the court analyzes his deliberate indifference claim under the Fourteenth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Such a claim requires a plaintiff to show two elements: (1) that they were subjected to an objectively serious condition or medical need; and (2) that the defendant acted "with at least deliberate indifference" to the challenged condition or need. *Id.* at 29.

As for the objective prong, the plaintiff must show that the condition he experienced "either alone or in combination, pose[d] an unreasonable risk of serious damage to his health." *Id.* at 30 (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013)). The deprivation must present "a condition of urgency, [such as] one that may produce death, degeneration, or extreme pain." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (quoting *Schermerhorn v. Local 100, Transport Workers Union*, 91 F.3d 316, 322 (2d Cir.1996)) (internal quotation marks omitted). Regarding the "subjective" or "mens rea" requirement, a plaintiff must show either that the defendant "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35. Thus, a detainee "must prove that an official acted intentionally or recklessly, and not merely negligently." *Id.* at 36.

Plaintiff does not describe his injuries in great detail. All he states is that there was a bump on his elbow that had grown in the ten days between the date of the incident

4

and the filing of the complaint. He speculates that bump became infected and developed into a cyst, which will require surgery to remove. But the court cannot credit his admittedly inexpert speculation, and the description of the bump does not suggest the "condition of urgency" required to satisfy the objective element. It does not appear that Plaintiff is in danger of death or serious permanent disfigurement, nor does Plaintiff assert that the bump caused him any pain. It further appears that the injury was not so severe that he needed immediate attention, given that he was able to shower immediately after the incident. Accordingly, the court must dismiss Plaintiff's Fourteenth Amendment deliberate indifference claim against Defendant Reyes.

### 2. *Excessive Force*

The Due Process Clause of the Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (quoting *Graham v. Connor*, 490 U.S. 386, 395, n.10 (1989)) (internal quotation marks omitted). Thus, to state a claim for the use of excessive force, a pretrial detainee must "show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 396–97. Of course, courts must be mindful that sometimes use of force is necessary "to preserve internal order and discipline and to maintain institutional security," *Id.* at 397 (quoting *Bell v. Wolfish*, 441 U.S. 520, 540 (1979)) (internal quotation marks omitted). But an inmate may still prevail upon a use-of-force claim where the force used is "excessive in relation to that purpose." *Id.* at 398 (quoting *Bell*, 441 U.S. at 561) (internal quotation marks omitted). Thus, to survive dismissal, a plaintiff may show either that the actions taken against him "are not

rationally related to a legitimate nonpunitive governmental purpose," or that they "appear excessive in relation to that purpose." *Id.* (quoting *Bell*, 441 U.S. at 561).

It seems indisputable that closing an inmate's arm in a cell door serves no legitimate penological purpose. But even by Plaintiff's account of the incident, it does not appear that the action was done "purposely or knowingly." The sequence of events leading to Plaintiff's injury are not described with any detail. All the court can discern from the complaint is that the door was closed on Plaintiff's arm. To find any intent on Defendant Reyes's part would be complete speculation, which is insufficient to state a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (Holding that in order to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ."). Accordingly, the court dismisses any excessive force claim.

### 3. *First Amendment Retaliation*

To plead a First Amendment retaliation claim, an inmate must plausibly allege: (1) that he engaged in protected speech or conduct, (2) that the defendant took adverse action against the plaintiff, and (3) that the adverse action was the result of a retaliatory motive, i.e. that there was a causal connection between the protected conduct and the adverse action. *Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015). The United States Court of Appeals for the Second Circuit has cautioned district courts that "virtually any adverse action taken against a prisoner by a prison official—even those otherwise not rising to the level of a constitutional violation—can be characterized as a constitutionally proscribed retaliatory act." *Id.* at 295 (quoting *Davis v. Goord*, 320 F.3d 346, 352 (2d Cir.2003)) (internal quotation marks omitted). Thus, courts are to "approach prisoner

6

retaliation claims with skepticism and particular care." *Id.*

Plaintiff has alleged that he engaged in protected activity by filing a grievance, which satisfies the first element of a retaliation claim. *See Baltas v. Rizvani*, 2022 WL 17251761 at *8 (D. Conn. Nov. 28, 2022) (noting that the filing of administrative grievances is generally viewed to be a constitutionally protected activity). But even assuming that placement in an unsanitary cell can constitute an adverse action, Plaintiff has not alleged any specific facts to suggest that any Defendant was involved with the decision to move him to that cell. Accordingly, the court dismisses any claim for retaliation under the First Amendment.

### 4. *Interference with Administrative Remedies*

To the extent Plaintiff claims a constitutional violation based on interference with his administrative remedies, such claim also must fail. He cannot state a plausible claim of a constitutional violation based on a DOC official's failure to follow DOC grievance procedures because "inmate grievance programs created by state law are not required by the Constitution, and consequently allegations that prison officials violated those procedures [do] not give rise to a cognizable [Section] 1983 claim."[3] *Alvarado v. Westchester Cnty.*, 22 F. Supp. 3d 208, 214 (S.D.N.Y. 2014) (quoting *Shell v. Brzezniak*, 365 F.Supp.2d 362, 369–70 (W.D.N.Y.2005)) (quotation marks omitted) (alterations in original). "Inmates have no constitutional entitlement to grievance procedures, to receive a response to a grievance, or to have a grievance processed properly."

---

[3] However, the court recognizes that interference with or failure to process an inmate's grievance procedure may constitute retaliatory adverse conduct in violation of the First Amendment. *See Harnett v. Barr*, 538 F. Supp. 2d 511, 522 (N.D.N.Y. 2008). Plaintiff's conclusory allegations of retaliation do not raise any inference of retaliatory conduct in violation of his First Amendment rights.

*Schlosser v. Manuel*, No. 3:19-cv-01444 (SRU), 2020 WL 127700, at *5 (D. Conn. Jan. 10, 2020) (citing *Riddick v. Semple*, 731 F. App'x 11, 13 (2d Cir. 2018). An inmate has no constitutional right to effective institutional grievance procedures. *See Brown v. Benoit*, No. 3:17-cv-00053 (SRU), 2017 WL 354187, at *4 (D. Conn. Jan. 24, 2017).

Accordingly, any constitutional claim based on interference with administrative remedies must fail.

### B. Official Capacity Claims

To the extent Plaintiff asserts official capacity claims for monetary damages against Defendants (all state employees), such claims are dismissed as barred by the Eleventh Amendment. *See e.g., Kentucky v. Graham*, 473 U.S. 159, 169 (1985). However, Plaintiff's complaint indicates that he seeks equitable relief (in the form of a court order to provide him with surgery), and official-capacity claims for equitable relief are exempted from Eleventh Amendment protections, to the extent such claims allege an ongoing constitutional violation. *See Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254–55 (2011) (citing *Ex parte Young*, 209 U.S. 123 (1908)).

However, a claim for injunctive relief can only proceed against defendants who "plausibly have the authority to grant the prospective relief." *See Smith v. Perez*, No. 19-CV-1758, 2020 WL 2307643, at *6 (D. Conn. May 8, 2020). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846–47 (1994)).

Plaintiff has not plausibly alleged that the constitutional violations identified supra are ongoing. Accordingly, Plaintiff has not alleged any plausible grounds for official capacity relief. Moreover, it does not appear that either Defendant Reyes or Defendant Shanks have the authority to get Plaintiff the surgery he requires, and the court will not "sit as a medical board of review," nor will it supplant medical professionals' judgment with its own. *Sires v. Berman*, 834 F.2d 9, 13 (1st Cir. 1987). Accordingly, all official capacity claims must be dismissed.

### C. State Law Claims

Because all federal claims have been dismissed from this action, the court declines to exercise over any state tort claims. 28 U.S.C. § 1367. All such claims are dismissed without prejudice to refiling them in state court.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that the complaint is dismissed. The pending discovery motions, ECF No. 13 and 16, hereby are denied as moot. The Clerk of Court respectfully is asked to close this case.

**IT IS SO ORDERED** at Hartford, Connecticut, this 12th day of December, 2024.

/s/
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE